J-S08031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHELDON CULBREATH | |
| Appellant | No. 2234 EDA 2014 |

Appeal from the PCRA Order July 9, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0016474-1996

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 23, 2015**

Sheldon Culbreath ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On February 3, 1998, the trial court convicted Appellant of possession of a controlled substance with intent to deliver,[1] corrupt organizations,[2] and conspiracy.[3]  On April 2, 1998, the trial court sentenced Appellant to an aggregate sentence of 17½ to 50 years' incarceration.  This Court affirmed Appellant's judgment of sentence on January 15, 1999.

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 911.

[3] 18 Pa.C.S. § 903.

Appellant filed a timely PCRA petition on November 9, 2000. The PCRA court held a hearing on April 3, 2003, and denied the PCRA petition on April 24, 2003. This Court affirmed the denial of PCRA relief on February 3, 2004. On January 18, 2005, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

Appellant filed a second PCRA petition on July 31, 2013. The PCRA court dismissed the petition as untimely on August 26, 2013. Appellant did not appeal.

On June 16, 2014, Appellant filed the instant PCRA petition, his third, claiming that his sentence was illegal because it was greater than the sentence his co-defendant received. On June 18, 2014, pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice of its intent to dismiss the petition without a hearing. On July 8, 2014, Appellant responded to the Rule 907 notice, reiterating the petition's claims. The PCRA court dismissed the petition on July 9, 2014. This timely appeal followed.[4]

On appeal, Appellant presents the following issues for our review:

1. DID THE SUPREME COURT ALLEYNE RULING ANNOUNCED IN COMMONWEALTH V. NEWMAN CREATE A TIMELINESS EXCEPTION FOR PCRA PETITIONERS AS THEIR SENTENCE IS UNCONSTITUTIONAL JUST AS THE DIRECT APPEAL DEFENDAT'S; AND MAY APPELLANT BENEFIT FROM THE NEW RULE ANNOUNCEMENT THAT WAS RENDERED WHILE BEFORE THIS COURT AND A REMAND IS REQUIRED FOR THE PCRA COURT TO WEIGH IN ON THIS CONSTITUTIONAL RIGHT VIOLATION IN THE

---

[4] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

- 2 -

FIRST INSTANCE WHERE APPELLANT WAS TO RECEIVE A 5 TO 10 AS A MATTER OF LAW BUT RECEIVED A 17½ TO 50 YEAR SENTENCE THAT IS UNCONSTITUTIONAL?

2. DID THE NEWMAN RULING SAVE AN UNCONSTITUTIONAL COMMONWEALTH V. CRUZ VIOLATION WHEREIN THE ISSUES ARE ESSENTIALLY ONE IN THE SAME WHEREIN A PPCRA PETITIONER IS ENTITLED TO THE SAME SENTENCE AS HIS CODEFENDANT UNDER THE EQUAL PROTECTION DUE PROCESS CLAUSE?

Appellant's Brief, p. 5 (verbatim).

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We must first consider the timeliness of the petition. "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Hernandez*, 79 A.3d at 651 (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the time for filing the petition are met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008). Further,

> [a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

On January 15, 1999, this Court affirmed Appellant's judgment of sentence. Appellant did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania, and his sentence became final at the expiration of his time to seek review thirty days later, on February 16, 1999.[5] *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, Appellant had until February 16, 2000 to timely file a PCRA petition.

_____

[5] The thirtieth day fell on February 14, 1999, a Sunday. The following Monday was Presidents' Day, a holiday. Accordingly, Appellant had until Tuesday, February 16, 1999 to timely file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

Appellant filed the instant petition on June 16, 2014, over fourteen years after the expiration of his PCRA limitations period. Accordingly, Appellant's petition is facially untimely. Thus, he must plead and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Appellant's PCRA petition, however, makes no attempt to plead or prove any of the three time bar exceptions. To the extent Appellant's brief suggests the Supreme Court of the United States' decision in *Alleyne v. United States*, -- U.S. ---, 133 S.Ct. 2151 (2013),[6] provides a time bar exception, Appellant was required to plead and prove such a time bar exception in his PCRA petition. *See Abu-Jamal*, 941 A.2d at 1268. The PCRA petition itself includes no discussion whatsoever of *Alleyne*, even though the Supreme Court of the United States decided *Alleyne* nearly one full year before Appellant filed his PCRA petition.[7] Instead, Appellant did not discuss *Alleyne* until his appellate brief. As a result, Appellant has waived any time bar exception *Alleyne* could have afforded. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super.2007) ("exceptions to the [PCRA] time bar must be pled in the

_____

[6] In *Alleyne*, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155.

[7] The Supreme Court of the United States decided *Alleyne* on June 17, 2013.

PCRA petition, and may not be raised for the first time on appeal"); *see also* Pa.R.A.P. Rule 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Additionally, Appellant failed to file the instant petition within 60 days of *Alleyne*, and therefore could not rely on *Alleyne* for a PCRA time-bar exception. *See* 42 Pa.C.S. § 9545(b)(2) (petitions invoking exceptions must be filed within 60 days of the date the claim could have been presented). Further, neither the Supreme Court of the United States nor the Supreme Court of Pennsylvania has held *Alleyne* to apply retroactively to matters on collateral appeal, and therefore *Alleyne* would not have provided Appellant with a time-bar exception, even if properly pleaded in his petition.

Because Appellant did not properly plead or prove a time-bar exception based on *Alleyne*, because *Alleyne* does not provide a time-bar exception, and because Appellant's petition neither pleads nor proves any other exception, the petition remains time-barred.

Additionally, the sole claim contained in the instant PCRA petition – that Appellant is entitled to the same sentence his co-defendant received[8] – neither implicates Appellant's actual innocence nor raises the possibility that the proceedings were so unfair that a miscarriage of justice which no civilized society can tolerate occurred. *See Williams*, *supra*.

_____

[8] *See* PCRA petition, June 16, 2014, p. 1.

Further, we note that Appellant's underlying claim lacks merit.  Simply stated, "[t]he law is well-settled that co-defendants are not required to receive identical sentences."  **_Commonwealth v. Mastromarino_**, 2 A.3d 581, 589 (Pa.Super.2010).  The fact that Appellant's co-defendant received a lesser sentence does not render his sentence illegal.[9]

Because Appellant filed the instant PCRA petition over fourteen years after the expiration of the PCRA limitations period and cannot avail himself of any time-bar exceptions, the PCRA court did not err in dismissing this petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015

---

[9] We note that, although never waived, illegal sentence claims remain subject to the PCRA's timeliness requirements.  **_See Commonwealth v. Jackson_**, 30 A.3d 516, 521-22 (Pa.Super.2011).